# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROSE MARY HOOVER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:14-cv-00139 |
| | ) |
| v. | ) Judge Mark R. Hornak |
| | ) |
| WELLS FARGO BANK, ET AL, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

In this civil action, the Plaintiff, Rose Mary Hoover, sought permission to file her *pro se* Complaint *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915. Pursuant to the command of that statute, this Court is obligated to review that Complaint to confirm that it states a claim upon which relief may be granted. In this case, the Plaintiff, an elderly, *pro se* and IFP filer, appears to claim that the Defendants, Wells Fargo Bank, N.A. and the Federal National Mortgage Association, foreclosed on her home in state court, and now intend to sell it via Sheriff's Sale, all in violation of a number of regulatory orders issued in the past several years under the federal Home Affordable Modification Program ("HAMP").

This Court recently examined and applied the rules established by that statute, the Supreme Court and our Court of Appeals for such a review. First, the Court is to consider the stated financial status of the Plaintiff, and her eligibility for IFP status. The Court has performed that review, and has concluded that while it is a closer call than the usual case due to Plaintiff's pension and automobiles coupled with a pair of residential mortgages, she is so eligible.[1] Second,

---

[1] When Plaintiff's "representatives" appeared at the Clerk's office to file the Complaint and its various collateral papers, because it appeared that a non-lawyer relative of the Plaintiff was attempting to do so as a "power of

I am to consider whether the Complaint is "frivolous". In this context, that means that the Court is to apply the same standard that it would apply in evaluating a Motion to Dismiss a civil complaint under Fed. R. Civ. P. 12(b)(6), giving due consideration that as a *pro se* litigant, the Plaintiff is held to a somewhat less precise and demanding pleading standard. See *Detar et al. v. United States Government*, No. 13-1499, 2014 WL 517715, *1-*3 (W.D. Pa. February 7, 2014).

In this consideration, the Court must determine if the Complaint contains sufficient factual allegations, beyond simple conclusions, that would support the Court's exercise of Article III subject matter jurisdiction, and which set forth a plausible claim for relief. *Id.* While some added latitude is provided to *pro se* litigants, such a Complaint must allege sufficient facts to support a cognizable claim for legal relief, whether the *pro se* plaintiff has specifically identified the applicable law or not. Where, as here, the Complaint alleges one or more civil rights violations, if it nonetheless falls short of these standards, the Court must grant the Plaintiff at least one (1) opportunity to amend the Complaint, unless it concludes that doing so would be futile. *Id.*

When these standards are applied here, it is apparent that the Complaint fails to set forth the basis for the exercise of this Court's subject matter jurisdiction. The Complaint alleges that this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, that is as a case arising under the Constitution, laws or treaties of the United States, commonly known as "federal question" jurisdiction. All of the allegations and attachments to the Complaint and its accompanying request for a temporary restraining order focus on HAMP, and various actions taken by federal regulators in furtherance of it, including arrangements reached with the

---

attorney" the Miscellaneous Judge on duty that day entered an Order requiring Plaintiff to enter her appearance *pro se* or face dismissal of this action, without prejudice. ECF No. 2. The cover sheet of the Complaint, and the Court's docket, appear to now reflect that Plaintiff is now appearing *pro se*.

Defendant Wells Fargo in terms of how it would handle foreclosures so as to conform to HAMP. Plaintiff claims that the Defendants did not abide by those federal regulatory mandates.

The rub is that the federal courts have uniformly held that HAMP and its attendant regulatory edicts do not create a private right of action which would support a federal claim by an individual plaintiff, such as Plaintiff, and in this case, which would be the predicate for the exercise of federal subject matter jurisdiction. *See Spaulding v. Wells Fargo Bank, N.A.,* 714 F. 3d 769 (4th Cir. 2013); *Sinclair v. Citi Mortgage, Inc.,* 519 Fed. Appx. 737 (3d Cir. 2013), *cert. denied,* 134 S. Ct. 1054 (2014); *Miller v. Chase Home Finance LLC,* 677 F. 3d 1113 (11th Cir. 2012); *Wigod v. Wells Fargo Bank, N.A.* 673 F. 3d 547 (7th Cir. 2012); *Brecker v. 1st Republic Mortgage Bankers, Inc.,* 2013 WL 5729783 (D. N.J. Oct. 21, 2013); *Brown v. Wells Fargo Bank, N.A.,* 2011 WL 5593174 (E.D. Va. 2011). Particularly in light of the direction from our Court of Appeals in *Sinclair,* this Court cannot construe HAMP as providing the direct, private right of action the existence of which would be essential to the Plaintiff's invocation of federal question jurisdiction in this case.

There is also no diversity jurisdiction, if the Plaintiff's claims are construed as claims arising under a theory of state law. The Complaint alleges that the Plaintiff, and each of the Defendants, are all citizens of different states (Pennsylvania for the Plaintiff, and Delaware, California and the District of Columbia for the Defendants). Thus, there would be complete diversity of the parties, but nowhere in the Complaint or its myriad of attachments is there any basis to conclude that the amount in controversy, exclusive of costs and interest, exceeds $75,000, as required by 28 U.S.C. § 1332. The best that there is is as set out in Exhibit "D" to the Plaintiff's Motion for a temporary restraining order seeking to stop a Sheriff's Sale in Allegheny County, Pennsylvania, which lists what appears to be the unpaid balance on the involved

3

mortgage at $66,288.20 as of June 25, 2012. That does not cross the claim valuation threshold set by federal law.

Plaintiff is a sympathetic claimant, and it may well be that she possesses one or more defenses to an impending Sheriff's Sale based in whole or in part on HAMP, but that is insufficient to allow for the exercise of jurisdiction in this Court. Further, the Court has examined the Complaint in conformity with the direction of our Court of Appeals in *Grayson v. Mayview State Hosp.*, 293 F. 3d 103 (3d Cir. 2002), which requires, in those cases alleging some sort of civil rights claim, that an insufficient Complaint may be dismissed but without prejudice, with the Plaintiff being granted leave to amend her Complaint to state a claim for relief, unless doing so would be futile. Given the matters set forth above, this Court can divine no basis for amendment which would support federal subject matter jurisdiction, and in any event, in these circumstances, the proper course is dismissal without prejudice for want of federal subject matter jurisdiction. That will, of course, leave the Plaintiff with the ability to assert her claims and related efforts to stop the involved Sheriff's Sale in state court, the forum in which the underlying proceedings began.

An appropriate Order will issue.

_____
Mark R. Hornak
United States District Judge

Dated: March 3, 2014

cc: Rose Mary Hoover